**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

BARBARA STOJEK,

        Plaintiff,

v.                                                                                          Case No. 6:16-cv-516-Orl-37GJK

WALT DISNEY WORLD CO.; and
WALT DISNEY PARKS AND RESORTS
U.S., INC.,

        Defendants.

**ORDER**

On March 24, 2016, the above-captioned case was transferred from the U.S. District Court for the Eastern District of New York to the Orlando Division of the U.S. District Court for the Middle District of Florida and assigned to the Undersigned. (*See* Docs. 9, 10; *see also* Doc. 8.) Upon review of Plaintiff's Complaint (Doc. 1), the Court is unable to determine whether it has subject matter jurisdiction over this action.

Plaintiff asserts that the Court has federal diversity jurisdiction over this personal injury action. (Doc. 1, ¶ 1.) In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity requires that the citizenship of each plaintiff be diverse from the citizenship of every defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

In support of diversity jurisdiction, Plaintiff alleges that the "action is one between the citizens of different States and the matter in controversy . . . exceeds the sum of $150,000.00." (*Id.* ¶ 1.) She further alleges that the parties are completely diverse

because Plaintiff "is a resident of . . . New York" and Defendants Walt Disney World Company and Walt Disney Parks and Resorts U.S., Inc. are "[c]orporation[s] existing by virtue of the Laws of the State of Florida." (Doc. 1, ¶¶ 3–5.) These allegations are insufficient to establish diversity jurisdiction.

First, diversity jurisdiction requires that the citizenship, not the residency, of Plaintiff be diverse from that of Defendant. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key . . . ."). The citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Plaintiff's allegation of her residency (Doc. 1, ¶ 3) is therefore insufficient. *See Taylor*, 30 F.3d at 1367.

Second, for the purposes of diversity jurisdiction, "a corporation shall be deemed a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business." 28 U.S.C. § 1332(c) (emphasis added). Thus, a corporation has dual citizenship. *Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1153 (11th Cir. 1985). Plaintiff failed to plead the principal place of business for either Defendant (*see* Doc. 1, ¶¶ 4, 5); therefore, her allegations regarding the Defendants' citizenship are insufficient. As such, Plaintiff's Complaint is due to be dismissed for lack of subject matter jurisdiction.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. On or before Friday, **April 1, 2016**, Plaintiff may file an amended complaint that corrects the jurisdictional deficiencies addressed in this Order. Specifically, Plaintiff should properly allege the citizenship of

each party. Failure to timely file may result in the Court dismissing this action with prejudice without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 25, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record